**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-2122-WJM-BNB

ALEJANDRO MENOCAL-LEPE,

  Plaintiff,

v.

JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement,
JEH JOHNSON, Secretary of the Department of Homeland Security,
JOHN MORTON, Director for Immigration and Customs Enforcement, and
ERIC HOLDER, Attorney General, United States of America

  Defendants.

---

**ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE**
**AND DENYING PETITION AS MOOT**

---

Petitioner Alejandro Menocal-Lepe ("Petitioner") brings this action against

Defendants John Longshore, Jeh Johnson, John Morton, and Eric Holder (collectively

"Defendants") seeking a writ of *habeas corpus*, release from custody on bond, a

declaratory judgment, injunctive relief, and attorney's fees and costs.  (ECF No. 1.)

Petitioner alleges that he was unlawfully taken into custody without the possibility of

release on bond ("mandatory detention") based on Defendants' misinterpretation of 8

U.S.C. § 1226(c).  (*Id.*)

On September 10, 2014, while the Petition was pending, a hearing was held

before an Immigration Judge at which Petitioner was granted Cancellation of Removal,

a form of immigration relief.  (ECF No. 15.)  The Department of Homeland Security

waived its right to appeal, and Petitioner was released from custody.  (*Id.*)  Petitioner

informed the Court of this development on September 16, 2014.  (*Id.*)  On September

17, 2014, the Court issued an Order to Show Cause as to why the Petition was not

moot as a result of Petitioner's release from custody.  (ECF No. 16.)  Petitioner's

Response to the Order to Show Cause was filed on September 24, 2014, in which

Petitioner argues that this action falls under the exception to mootness doctrine for an

unlawful act that is "capable of repetition, but evading review."  (ECF No. 17.)

Mootness is among the justiciability doctrines that arises from Article III of the

United States Constitution, which limits a federal court's jurisdiction to the adjudication

of "cases" or "controversies."  U.S. Const. Art. III, § 2.  The case or controversy

requirement protects the system of separated powers and respect for the coequal

branches of the government by restricting the province of the judiciary to "decid[ing] on

the rights of individuals."  *Marbury v. Madison*, 5 U.S. 137, 170 (1803).  Indeed, "'[n]o

principle is more fundamental to the judiciary's proper role in our system of government

than the constitutional limitation of federal-court jurisdiction to actual cases or

controversies.'"  *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky.

Welfare Rights Org.*, 426 U.S. 26, 37 (1976)).

Mootness requires a federal court to dismiss a claim when a favorable decision

from the court would have no effect on the rights of the litigants in the case.  *See

DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *see also Murphy v. Hunt*, 455 U.S.

478, 481 (1982) ("a case becomes moot when the issues presented are no longer 'live'

or the parties lack a legally cognizable interest in the outcome.") (internal quotation

marks omitted).  However, an otherwise moot claim may proceed in federal court where

the challenged act is "capable of repetition, yet evading review."  The Supreme Court

has held this exception to be "limited to the situation where two elements combine[]: (1)

the challenged action was in its duration too short to be fully litigated prior to its

cessation or expiration, and (2) there was a reasonable expectation that the same

complaining party would be subjected to the same action again."  *Murphy*, 455 U.S. at

482 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*)).

Because Petitioner was released from custody before the Court issued a final

ruling on the Petition, the first of the elements of the mootness exception—the short

duration—is satisfied here.  However, Petitioner has failed to show that he faces a

reasonable likelihood of being subjected to the mandatory detention provision again in

the future, and thus has failed to satisfy the second element of the "capable of

repetition, yet evading review" exception.  *See Murphy*, 455 U.S. at 482.  In an apparent

attempt to meet his burden, Petitioner asserts in a conclusory manner that, despite the

immigration relief he was recently granted, he may be subjected again to mandatory

detention.  (ECF No. 17 at 5, 6.)  However, he has not provided any explanation or

support for this statement that would allow the Court to evaluate whether there is a

reasonable expectation of such recurrence.

Instead, Petitioner cites a footnote from an unpublished decision by the Northern

District of California, *Preap v. Johnson*, 2014 WL 1995064, at *2 n.2 (N.D. Cal. May 15,

2014), which rejected a mootness argument under similar factual circumstances.

However, unlike the instant case, both *Preap* and the caselaw on which it relies were

class actions in which other class members were deemed likely to suffer the challenged

deprivation.  *See id.* (citing *U.S. Parole Comm'n. v. Geraghty*, 445 U.S. 388, 398-99

(1980); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)).  The class action context

raises distinct issues for purposes of mootness; the Supreme Court has explicitly held

that class certification prevents mootness even where "there is no chance that the

named plaintiff's expired claim will reoccur," and that "an action brought on behalf of a

class does not become moot upon expiration of the named plaintiff's substantive claim"

for the purposes of appealing the denial of class certification.  *Geraghty*, 445 U.S. at

398, 404.  None of the cases Petitioner cites alters the requirement that Petitioner

himself must be reasonably likely to suffer the same challenged act in the future for the

"capable of repetition, yet evading review" exception to apply in an individual case like

this.  *See id.* at 398 (noting that in individual cases, the exception "has been applied

where the named plaintiff does have a personal stake at the outset of the lawsuit, and

where the claim may arise again with respect to that plaintiff").  Thus, the Court finds

that these cases do not lessen Petitioner's burden to meet both prongs of the mootness

exception he invokes.

Because Petitioner's allegedly unlawful detention has ceased and can no longer

be remedied by this Court, and Petitioner has failed to show that the Court could issue

any declaratory or injunctive relief that would not be an impermissible advisory opinion,

the Court finds that the Petition is moot.  Accordingly, the Court must dismiss the

Petition for lack of jurisdiction.

Therefore, for the reasons set forth above, the Court hereby ORDERS as

follows:

1.      The Order to Show Cause (ECF No. 16) is MADE ABSOLUTE;

2.      The Petition for Writ of *Habeas Corpus* and Declaratory and Injunctive Relief

        (ECF No. 1) is DENIED AS MOOT; and

3.      This matter is DISMISSED WITHOUT PREJUDICE.  The parties shall bear their

        own costs.


        Dated this 1st day of October, 2014.

                                                BY THE COURT:


                                                _____
                                                William J. Martinez
                                                United States District Judge